This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37942**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GLENN T. GUMBRECHT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him for criminal sexual penetration (CSP) in the third degree and sentencing him to three years imprisonment. Unpersuaded that Defendant established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement. We deny the motion to amend because Defendant does not demonstrate the viability of the issues, and we remain unpersuaded by Defendant's other arguments. Accordingly, we affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction for CSP. [DS 10; MIO 8-11] Defendant's arguments challenging the evidence on appeal have consistently relied on evidence that contradicts or undermines the evidence presented by the State and attacks to the credibility of Defendant's ex-wife (Victim) and Defendant's daughter-in-law. [DS 1-10; MIO 4-11]

**{3}** As we stated in our notice, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. It is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Nevertheless, the fact that the jury did not believe Defendant does not establish that the opposite of Defendant's testimony is true. *See State v. Wynn*, 2001-NMCA-020, ¶ 6, 130 N.M. 381, 24 P.3d 816. When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See Rojo*, 1999-NMSC-001, ¶ 19. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted).

**{4}** In the district court, the State was required to establish that Defendant unlawfully and without her consent, used physical force to cause Victim to engage in sexual intercourse. [2 RP 336-37] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). The State presented the testimony of Victim, who testified that Defendant, a much bigger person, physically forced her to have sex with him while they were both staying at the marital residence, pending its sale. [DS 1, 3-5] Defendant's daughter-in-law, testified that she encouraged Victim to report the incident to the police, because she did not believe Victim understood it was a sexual assault, in light of Victim's Thai cultural differences. [DS 5] The State also presented the testimony of the SANE nurse who confirmed that Victim reported pain in her pelvic area and testified that she saw redness and swelling outside of Victim's vagina. [DS 6] A person from the New Mexico Crime Lab, who tested the sample from Victim's SANE examination, concluded that the DNA he found could only belong to a male in Defendant's paternal lineage. [DS 6] The sheet with which Victim slept on a mattress in the living room was also tested and was found to contain sperm and semen that matched the DNA profile from Defendant. [DS 6-7]

**{5}** Disregarding all the evidence and inferences that would support a different result consistent with our standard of review, we hold that the State presented sufficient evidence to support Defendant's conviction. *See Rojo*, 1999-NMSC-001, ¶ 19; *State v.*

*Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (holding that the testimony of a single witness can constitute sufficient evidence to uphold a conviction).

**Motion to Amend**

**{6}**     Defendant's motion to amend the docketing statement seeks to add two issues: (1) whether the district court abused its discretion by excluding a defense witness for lack of relevant testimony; [MIO 11-14] and (2) whether Defendant was denied effective assistance of counsel. [MIO 14-19] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{7}**     Defendant contends the district court erred by excluding the testimony of Bill McCormick, who would have testified that Victim "was willing to call Defendant's boss in North Carolina fourteen months prior to the alleged incident to get him into trouble[.]" [MIO 13] Defendant argues that this testimony would have shown Victim was vindictive toward Defendant and there was a possibility she was not credible in her criminal accusation against Defendant. [MIO 13] Defendant's motion to amend does not show whether Victim actually called Defendant's boss, does not describe the alleged incident that might have gotten Defendant into trouble, and does not explain whether Victim actually fabricated the previous, alleged incident. The omission of these facts both fail to satisfy the requirements for a motion to amend and fail to establish the relevance of Mr. McCormick's testimony. Thus, Defendant does not demonstrate compliance with the rules or the viability of the issue. *See Moore*, 1989-NMCA-073, ¶¶ 36-51; *Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11. We therefore deny the motion to amend to add this issue.

**{8}**     Defendant's ineffective assistance of counsel claim suffers similar deficiencies. Defendant contends that his trial counsel was ineffective for failing to (1) file a motion to suppress evidence obtained from the unconstitutional, warrantless entry into his home, (2) enlist an expert witness to explain the limitations of his ability to perform sexually, and (3) cross-examine Victim regarding other conditions she suffered that might have led to the SANE nurse's observations of redness and swelling in her vaginal area. [MIO 14] Defendant's motion to amend does not explain how the record on direct appeal shows either the reasons or lack thereof for any of these alleged failures or that the result would have been different if his counsel had not failed to perform any these actions. *See State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 ("To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance

was deficient, and (2) the deficient performance prejudiced the defense." (internal quotation marks and citation omitted)); *id.* ¶¶ 18, 21 (explaining what the record on direct appeal must show for us to assess the deficiency of trial counsel's performance and prejudice from that deficient performance). Where the record is inadequate to assess counsel's performance or to determine prejudice, we refer defendants to habeas corpus proceedings, so that they may develop the record to establish their claims of ineffective assistance of counsel. *Id.* ¶ 17. We do so here, and deny Defendant's motion to amend the docketing statement to add this claim.

**{9}**     For the reasons stated in our notice and in this opinion, we deny Defendant's motion to amend and affirm the district court's judgment and sentence.

**{10}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**ZACHARY A. IVES, Judge**